IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>SARAH COPELAND HANZAS, in her official capacity as Secretary of State of Vermont<br><br>　　　　　Defendant. | Civil No. 2:25-cv-00903 |

# COMPLAINT

Plaintiff United States of America brings this action against Sarah Copeland Hanzas, in her official capacity as Secretary of State for the State of Vermont, and alleges:

# INTRODUCTION

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve… *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election…" 52 U.S.C. § 20701 (emphasis added).

2. Title III likewise grants the Attorney General of the United States the sweeping power to obtain these records: "Any record or paper required by section 301 to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed

to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative….." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3. If the custodian to whom the written demand refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a Federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought… has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 42 U.S.C. § 1974b, transferred to 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Id.*

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

6. Venue for this action is proper in the United States District Court for the District of Vermont because all actions giving rise to the suit occurred within this district, the Defendant is a

resident of the State of Vermont, and the records that are demanded are located in this district. 28 U.S.C. § 1391(b)(1), (c)(2); *see also* 28 U.S.C. § 120 (the state of Vermont constitutes a single federal district court).

## PARTIES

7.  Plaintiff is the United States of America. The United States, through the Attorney General, has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(a); and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

8.  Defendant Sarah Copeland Hanzas ("Secretary Hanzas") is the Secretary of State of Vermont and is sued in her official capacity as an "officer of election" as defined by Section 306 of the CRA. *See* 52 U.S.C. § 20706. Secretary Hanzas is the chief state election official responsible for coordinating Vermont's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; As the chief election official, Secretary Hanzas is required to retain and preserve election records, including the Federal election records identified in Section 301 of the CRA. *See* 52 U.S.C. § 20701. Secretary Hanzas is sued in her official capacity only.

## BACKGROUND

9.  This proceeding arises from the Attorney General's investigation into Vermont's compliance with Federal election laws, particularly the NVRA and HAVA.

10. Both the NVRA and HAVA require States to maintain accurate voter registration lists. The NVRA requires states to preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

11. The NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509. Secretary Hanzas is the chief election official of the State of Vermont.

12. The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4)(A)-(B).

13. The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…" 52 U.S.C. § 20507(i)(1).

14. HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State…" 52 U.S.C. § 21083(a)(1)(A).

15. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants. 52 U.S.C. § 21083(a)(5)(A).

## FACTUAL ALLEGATIONS

16. The United States Election Assistance Commission ("EAC") – "an independent, bipartisan commission whose mission is to help election officials improve the administration of elections and help Americans participate in the election process" – conducts a biennial Election

Administration and Voting Survey ("EAVS"). EAC, *About the EAC*, http://eac.gov/about (last visited Nov. 14, 2025).

17. For the EAC's most recent report, "Election Administration and Voting Survey 2024 Comprehensive Report: A Report from the U.S. Election Assistance Commission to the 119th Congress" ("2024 EAVS Report"), States "reported data on their efforts to keep voter registration lists current and accurate, known as list maintenance." EAC, 2024 EAVS Report at iv.[1]

18. Based on a review of the 2024 EAVS Report, the Attorney General, acting through her representative, the Assistant Attorney General for Civil Rights, sent a letter to Secretary Hanzas on September 8, 2025, seeking information regarding Vermont's compliance with federal election law. Ex. 1 to Memo in Support of Motion to Compel Productionex), Ltr. from the Asst. Att'y Gen. to Sec'y Hanzas (Sept. 8, 2025) ("September 8 Letter").

19. The September 8 Letter requested – pursuant to Section 8(i) of the NVRA – that the Secretary provide a current electronic copy of its computerized statewide voter registration list ("SVRL"), required under Section 303 of HAVA. *Id.*

20. The September 8 Letter also contained a written demand made pursuant to Section 301 of the CRA, 52 U.S.C. § 20703, demanding "an electronic copy of Vermont's complete and current VRL" and advised that "[t]he purpose of the request is to ascertain Vermont's compliance with the list maintenance requirements of the NVRA and HAVA." *See* Ex. 1 to Memo in Support of Motion to Compel Production) (describing the scope of records and papers demanded). The letter directed that the SVRL should contain all fields, which include the registrant's full name,

---

[1] https://www.eac.gov/sites/default/files/2025-07/2024_EAVS_Report_508.pdf (last visited Nov. 24, 2025).

date of birth, residential address, his or her state driver's license number, or the last four digits of the registrant's social security number as required by HAVA to register individuals for federal elections. *Id.* at 1, 3 & n.3.

21. The September 8 Letter explained that "HAVA specifies that the 'last 4 digits of a social security number… shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974.'" *Id.* at 2 (citing 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c)). In addition, it explained that any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Attorney General is now doing. *See id.*

22. Finally, the September 8 Letter also made clear that the requested records will be maintained consistent with Privacy Act protections as explained on the Department's website.[2] *See id.*

23. The full list of routine uses for this collection of information can be found in the System of Records Notice ("SORN") titled, JUSTICE/CRT – 001, "Central Civil Rights Division Index File and Associated Records," 68 Fed. Reg. 47610-01, 611 (Aug. 11, 2003); 70 Fed. Reg. 43904-01 (July 29, 2005); and 82 Fed. Reg. 24147-01 (May 25, 2017). The statutes cited for routine use in the SORN include the NVRA, HAVA, and the CRA. The records in the SORN are kept under the authority of 44 U.S.C. § 3101 and in the ordinary course of fulfilling the responsibility assigned to the Civil Rights Division under the provisions of 28 C.F.R. §§ 0.50,

---

[2] https://civilrights.justice.gov/privacy-policy#:~:text=Our%20Statutes-,Privacy%20Act%20Statement,the%20scope%20of%20our%20jurisdiction.

0.51. This information is included in the Privacy Act link that was provided to Secretary Hanzas in the September 8 Letter.

24. The September 8 Letter asked Secretary Hanzas to produce the requested information and records by encrypted email or via the secure file-sharing system, Justice Enterprise File Sharing (JEFS). Ex. 1 (to Memo In Support of Motion to Compel Production).

25. In response, on September 22, 2025, Secretary Hanzas sent a letter refusing to provide the SVRL. Secretary Hanzas disputed the basis for the Attorney General's request, the intended purposes for the utilization of what she termed "PII", and and questioned the Attorney General's failure to provide assurances to maintain the privacy of Vermonters' sensitive data.

26. Through the September 22 Letter, Secretary Hanzas refused the Attorney General's written demand made through her representative, the Assistant Attorney General for Civil Rights.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

27. On September 8, 2025, the Attorney General, acting through her representative the Assistant Attorney General for Civil Rights, sent a written demand to Secretary Hanzas to produce specific election records, as authorized by Section 303 of the CRA, 52 U.S.C. § 20703.

28. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

29. Secretary Hanzas refused to provide the records requested as described in her September 22 response to the Attorney General.

Wherefore, the United States respectfully requests this Court:

A. Declare that Secretary Hanzas's refusal to provide the Federal election records upon a demand by the Attorney General, acting through her representative the Assistant

Attorney General for Civil Rights, violates Section 303 of the Civil Rights Act, 52 U.S.C. § 20703;

B. Order Secretary Hanzas to provide to the Attorney General's representative, the Assistant Attorney General for Civil Rights, an electronic copy of Vermont's statewide Voter Registration List within five days, to include each registrant's name, date of birth, address, and as required by HAVA, the last four digits of the registrant's social security number, driver's license/state identification number, or the unique HAVA identifier, *see* 52 U.S.C. § 21083; and

C. Award such additional relief as the interests of justice may require.

Dated: December 1, 2025                              Respectfully submitted:

 

                                                          HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

/s/ *David D. Vandenberg*
MAUREEN RIORDAN
Acting Chief, Voting Section
TIMOTHY F. MELLETT
DAVID D. VANDENBERG
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE
Washington, D.C. 20530
Telephone: (771) 333-0028
Maureen.Riordan2@usdoj.gov
Timothy.F.Mellett@usdoj.gov
David.Vandenberg@usdoj.gov
*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ David D. Vandenberg*
David D. Vandenberg
