# Exhibit 2



**State of Vermont**
**Office of the Secretary of State**
128 State Street
Montpelier, VT 05633-1101
(802) 828-2363

**Sarah Copeland Hanzas, Secretary of State**
**S. Lauren Hibbert, Deputy Secretary**

September 22, 2025

Via Mail and Email

Maureen Riordan
Acting Chief, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW-4CON
Washington, DC 20530

Re: Department of Justice Request for Vermont's Complete Voter Registration List with All Fields

Dear Ms. Riordan,

In response to your letter dated September 8, 2025, and the Department of Justice (DOJ) Civil Division's requests therein related to Vermont's compliance with the Help America Vote Act (HAVA) and Vermont's statewide voter registration list (VRL). Specifically you have requested an electronic copy of the statewide VRL with all fields, which in Vermont means each voter's full name, date of birth, residential address, state driver's license number or last for digits of their social security number. This data is highly sensitive data that I have an independent obligation to protect under state and federal law.

First and foremost, the voter registration list is a manifestation of Vermonters' right to exercise their constitutionally protected voter rights. Vermonters trust their town clerks and our office to protect their confidential data which enables them to be registered to vote. Additionally, as Vermont's Chief Election Officer I am committed to ensuring that all eligible voters are properly registered and given the opportunity to vote. This includes compliance with all state and federal laws, including HAVA.

1. Vermont is Compliant with HAVA

In the September 8th letter DOJ asserts that an electronic copy of Vermont's voter registration list will help your department assess Vermont's compliance with HAVA. It is unclear to my office how a copy of our VRL will provide you with the necessary information to ascertain if our state is in compliance with HAVA. Also, the letter does not have an allegation that Vermont is not in compliance with HAVA. I maintain that Vermont is fully compliant with all state and federal laws.



Vermont maintains the integrity of our VRL, under the parameters above, in multiple ways.

a. Regular list maintenance is conducted at the local level

While the State of Vermont is in possession of the statewide VRL, the authority and responsibility to maintain the VRL lies with our 247 municipalities. Obviously, any voter registration list is dynamic- people move and die every day. Required maintenance and removal of a voter from the VRL is mandated within HAVA and Vermont law. This maintenance occurs with protections for voters and at regular intervals to ensure compliance with HAVA.

Vermont statute delineates my office's role in managing the structure of the VRL. See,17 V.S.A. § 2154. The State's role is to manage the statewide computer system that municipal clerks use to maintain their checklists and the IT contractors who maintain the system. We also conduct trainings, hold office hours on election procedures, and support clerks in using system functionality. A core focus of our work is to help clerks with list maintenance.

Vermont statute stipulates the procedures which municipal clerks and boards of civil authority follow to challenge and remove voters from the VRL. See, 17 V.S.A. § 2150. Clerks strike voters' names from the VRL when they receive a copy of a death certificate, public notice of the death of a voter, or official notice from the Department of Motor Vehicles that a voter has authorized his or her address to be changed for voting purposes. They also strike a voter's name when they receive notice through the system that the voter has moved and registered in another political subdivision. Each jurisdiction has a Board of Civil Authority (BCA). BCAs follow prescribed processes for challenging and purging voters they believe may be deceased, may have moved from the municipality, or may be registered in another place. In addition to these ongoing processes, BCAs are charged with conducting a thorough name-by-name review of the VRL on a biennial basis.

b. Electronic Registration Information Center (ERIC)

The State of Vermont is a member state of ERIC. As you know, ERIC facilities the sharing of data between states to verify states VRLs. We use our membership to identify registered voters who are ineligible to vote. Through information-sharing, via ERIC, Vermont is able to find registered voters who are deceased or registered in another state. This information is shared with municipal clerks to update their VRLs. The Secretary of State's office supports clerks as needed and facilitates the partnership with ERIC.

2. Privacy Act of 1974 and the e-Government Act of 2004

The Privacy Act requires that any agency obtaining and maintaining records publish in the Federal Register notice providing the purpose of the creation of the system of records and how the information being sought is necessary and relevant to that purpose. See, 5 U.S.C. § 552a(e)(4). If as it appears is the intent, the DOJ intends to maintain a nationwide system of voting records, it needs to assure the public and the states it will ensure fairness through "accuracy, relevance, timeliness and completeness." See, 5 U.S.C. § 552a(e)(4). Voting is a protected right under the First and

Fourteenth Amendments. Federal agencies are barred under the Privacy Act to maintain records "describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity." 5 U.S.C. § 552a(e)(7).

I am concerned that the DOJ has not assured my office of compliance with the e-Government Act of 2004. This law requires a privacy impact assessment before the development or implementation of an information technology system that collects, maintains, or distributes to others, PII. This assessment, which is typically pubic, requires that, among the items assessed, are: why the information is being collected, how the information will be utilized, which entities or individuals the information will be shared with, and how the information will be safeguarded This privacy impact assessment should be conducted, and states should have access to it before releasing data to the DOJ.

Without demonstrated compliance with the Privacy Act and the e-Government Act of 2004, my office cannot begin a conversation of whether a request for Vermonters' PII is lawful.

3. National Voter Registration Act (NVRA)

The DOJ asserts that, because the Attorney General has the authority to bring civil action under section 11 of the National Voter Registration Act (NVRA), Vermont should provide the full VRL, including voters' PII. Outside of a civil enforcement action, the NVRA does not allow for federal requests of all of the states' voters' PII. Courts have repeatedly held that voter PII should not be disclosed. See, Pub. Int. Legal Found., Inc. v. Bellows 92 F.4th 36, 56 (1st Cir. 2024) ( expressly recognized that NVRA's public disclosure provision provides safeguards against disclosure of voter PII); PILF v. Matthews, 589 F. Supp. 3d 932, 942 (C.D. Ill. 2022) (holding that under the "Public Disclosure Provision, States may limit the revelation of highly sensitive information."); and, True the Vote v. Hosemann, 43 F. Supp. 3d 693, 739 (S.D. Miss. 2014) ("There is no indication in the NVRA's legislative history that Congress intended to open up for inspection information within those records that is otherwise protected as personal information under other Federal or State laws). The NVRA does not clearly authorize the federal government through the DOJ to have access to Vermonters' PII.

4. Vermont's Privacy Laws related to Statewide Voter Checklist

Additionally, I am constrained by Vermont law. Vermont has been protective of the sensitive personally identifiable information of Vermont voters. The purpose and intent of the protection of voter privacy is express and clear. Our law prohibits sharing the statewide voter checklist with:

. . . any foreign government or to a federal agency or commission or to a person acting on behalf of a foreign government or of such a federal entity for the purpose of:
(A) registration of a voter based on his or her information maintained in the checklist;
(B) publicly disclosing a voter's information maintained in the checklist; or
(C) comparing a voter's information maintained in the checklist to personally identifying information contained in other federal or state databases. 17 V.S.A. § 2154.(

Notably, under Vermont law there is not an exception related to law enforcement activity. Without a commitment from DOJ that the unredacted VRL will not be used for any of these prohibited purposes, I am not able to provide the requested information due to Vermont state law.

As Vermont's Chief Election Officer, I am proud of our entire election system. Vermonters' access to the ballot has increased, we have some of the highest voter participation in the country, and our decentralized and hyper local process provides election integrity. Given the lack of clarity of the basis of the request, the intended purpose(s) for utilization of Vermonters data, and the failure to provide assurances to maintain the privacy of Vermonters sensitive data, Vermont cannot provide the statewide voter registration list without additional information demonstrating that the release of the information is consistent with Federal and State law.

Thank you,

Sarah Copeland Hanzas
Vermont Secretary of State