# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br>v.<br><br>SARAH COPELAND HANZAS, in her official capacity as Secretary of State of Vermont,<br><br>    *Defendant*. | Case No. 2:25-cv-00903-mkl<br><br>**[PROPOSED] ANSWER** |

**VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, AND MARY ANDREWS' PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT**

Vermont Alliance of Retired Americans, Mary Andrews, and Richard Monterosso ("Proposed Intervenors") answer Plaintiff's Complaint (ECF No. 1), as follows:

The Complaint begins with one unnumbered paragraph to which no response is required. To the extent a response is required, Proposed Intervenors incorporate by reference the below paragraphs as their response, admit that Plaintiff has brought this action against Defendant, and deny that Plaintiff is entitled to any relief.

**INTRODUCTION**[1]

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited opinion and cited statute contain the quoted text. The cited opinion

---

[1] These headings are included because they appear in the Plaintiff's complaint and are duplicated to aid and assist in ease of comparison between the Plaintiff's complaint and the Proposed Intervenors' answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Proposed Intervenors.

1

and cited statute otherwise speak for themselves. Proposed Intervenors otherwise deny the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The cited statute otherwise speaks for itself.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited opinion contains the quoted text. The cited opinion otherwise speaks for itself.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited opinion and cited statute contain the quoted text. The cited opinion and cited statute otherwise speak for themselves. Proposed Intervenors otherwise deny the allegations.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that this case is brought by the United States as a Plaintiff and that it alleges purported violations of federal law. Proposed Intervenors otherwise deny the allegations.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant is located in Vermont.

## PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States but otherwise deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Sarah Copeland Hanzas is the Vermont Secretary of State and that she is sued in her official capacity only, but otherwise deny that Secretary Copeland Hanzas has any obligations to produce the records at issue in this case.

## BACKGROUND

9. Proposed Intervenors deny the allegations in Paragraph 9.

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. Proposed Intervenors admit that the NVRA and HAVA impose certain obligations on states with respect to voter registration lists and that the NVRA requires states to preserve certain records. Proposed Intervenors otherwise deny the allegations.

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the cited statute contains the quoted text and that Secretary Copeland Hanzas is the chief election official of the State of Vermont. The statute otherwise speaks for itself.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

## FACTUAL ALLEGATIONS

16. Proposed Intervenors admit that the cited website contains the quoted text and that the United States Election Assistance Commission (EAC) conducts the biennial Election Administration and Voting Survey (EAVS). The cited website otherwise speaks for itself.

17. Proposed Intervenors admit that the cited report contains the quoted text. The report

otherwise speaks for itself.

18. Proposed Intervenors admit that the Assistant Attorney General for Civil Rights sent a letter to Secretary Copeland Hanzas on September 8, 2025 (the "September 8 Letter"). Proposed Intervenors otherwise lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore deny them.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the September 8 Letter requested that Secretary Copeland Hanzas provide a copy of Vermont's statewide voter registration list. Proposed Intervenors deny that the cited statute authorizes Plaintiff's demand for Vermont's statewide voter registration list.

20. Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the September 8 Letter contains the quoted text. Proposed Intervenors otherwise deny that the cited statutes authorize Plaintiff's demand for Vermont's statewide voter registration list.

21. Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the September 8 Letter contains the quoted text and state that the contents of letter otherwise speak for themselves. Proposed Intervenors deny the remaining allegations in Paragraph 21.

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the September 8 Letter stated that the records it requested would be

maintained consistent with Privacy Act protections. Proposed Intervenors are without knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 22 and therefore deny them.

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the September 8 Letter includes a link to the Department of Justice's website but otherwise lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore deny them.

24. Proposed Intervenors admit that the September 8 Letter asked that Secretary Copeland Hanzas send the requested information by email or through a file-sharing system. The contents of the letter otherwise speak for themselves.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that on September 22, 2025, Secretary Copeland Hanzas sent a letter (the "September 22 Letter") responding to the September 8 Letter, and that in the letter, Secretary Copeland Hanzas did not agree to provide all the requested information. The contents of the letter otherwise speak for themselves.

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Secretary Copeland Hanzas did not agree to provide all the requested information.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

27. Paragraph 27 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that a document purporting to be a demand for election records was sent to Secretary Copeland Hanzas on September 8. Proposed Intervenors otherwise deny that the cited statute authorizes Plaintiff's demand for Vermont's statewide voter registration list.

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. Proposed Intervenors otherwise deny the allegations in Paragraph 28.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the contents of the September 22 Letter speak for themselves. Proposed Intervenors admit that Secretary Copeland Hanzas has not provided all of the records requested, including all of the sensitive, private voter information demanded, but Proposed Intervenors deny that such refusal violates any federal or state law.

Immediately following Paragraph 29, the Complaint contains a request for relief in paragraphs (A)-(C) demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint that is not expressly admitted herein. They further deny that Plaintiff is entitled to any of the relief that it prays for.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of

laches and unclean hands.

    3.     Plaintiff has failed to establish entitlement to injunctive relief.

    4.     The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

    5.     Plaintiff lacks authority to bring a cause of action.

    6.     Vermont law, *see* 17 V.S.A. § 2154, prohibits Secretary Copeland Hanzas from sharing the highly sensitive personal information sought by Plaintiff, and that state law does not conflict with or otherwise violate federal law.

## **PROPOSED INTERVENORS' PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: December 11, 2025

Respectfully submitted,

*/s/ Joshua C. Abbuhl*
Marc E. Elias*
David R. Fox*
Joshua C. Abbuhl
Julianna Astarita*
Kevin Kowalewski*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
melias@elias.law
dfox@elias.law
jabbuhl@elias.law
jastarita@elias.law
kkowalewski@elias.law

*Counsel for Intervenors-Defendants*

\* *Pro Hac Vice* Applications Forthcoming

9