# Exhibit F

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:25-cv-01666-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| STATE OF OREGON; and TOBIAS READ, *in his official capacity as the Oregon Secretary of State*, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Plaintiff United States brings claims against Defendants State of Oregon and Oregon Secretary of State Tobias Read to enforce provisions of the National Voter Registration Act ("NVRA"), the Help America Vote Act ("HAVA"), and Title III of the Civil Rights Act of 1960. Compl. ¶ 1. Our Oregon, Daniel DiIulio, Stephen Gomez, and Emma Craddock (collectively, "Proposed Intervenors") move to intervene in this action pursuant to Fed. R. Civ. P. 24. ECF No. 12. Proposed Intervenor Our Oregon is a "nonprofit social welfare organization" that, among other things, works towards encouraging Oregonians—particularly "marginalized communities and low propensity voters"—to vote. Ruffin Decl. ¶¶ 1-6, ECF No. 12-2. Individual Proposed Intervenors Daniel DiIulio, Stephen Gomez, and Emma Craddock are registered Oregon voters who are concerned about the privacy of their voter data and the effects of its disclosure to

Plaintiff. *See generally* Mot. to Intervene, Exs. C-E. Plaintiff opposes the motion, while

Defendants do not. *See* Mot. to Intervene 1. For the reasons discussed below, the Motion to

Intervene is granted.

## DISCUSSION

Proposed Intervenors move for mandatory intervention pursuant to Rule 24(a)(2) or,

alternatively, for permissive intervention under Rule 24(b)(2). With respect to mandatory

intervention, Rule 24(a)(2) provides that the Court must permit anyone to intervene who "claims

an interest relating to the property or transaction that is the subject of the action, and is so

situated that disposing of the action may as a practical matter impair or impede the movant's

ability to protect its interest, unless existing parties adequately represent that interest." The Ninth

Circuit has interpreted this rule to impose four requirements:

> An applicant seeking intervention as of right must show that: (1) it has a
> significant protectable interest relating to the property or transaction that is the
> subject of the action; (2) the disposition of the action may, as a practical matter,
> impair or impede the applicant's ability to protect its interest; (3) the application is
> timely; and (4) the existing parties may not adequately represent the applicant's
> interest.

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (internal quotations omitted). The

requirements are interpreted "broadly in favor of intervention," and their application is "guided

primarily by practical and equitable considerations." *Id.*

First, the Court finds that the Proposed Intervenors have significant protectable interests

related to this litigation, and that the disposition of this action may impair those interests. In the

Ninth Circuit, "a party has a sufficient interest for intervention purposes if it will suffer a

practical impairment of its interests as a result of the pending litigation." *Cal. ex rel. Lockyer v.*

*United States*, 450 F.3d 436, 440 (9th Cir. 2006). Here, the individual Proposed Intervenors

provided declarations supporting their concerns about the disclosure of the private information

contained in their voter registration history to the Federal government. *See generally* Mot. to Intervene, Exs. C-E. Proposed Intervenor Our Oregon provided a declaration from its executive director outlining its concern that "the threat of disclosure will deter qualified voters in marginalized communities from registering to vote in Oregon and engaging in the political process more broadly." Mot. to Intervene, Ex. B. There is no dispute that Plaintiff seeks through this action Oregon's full "statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number or the last four digits of their Social Security number." Compl. 21. In other words, the outcome of this litigation will directly affect the protectable privacy interests Proposed Intervenors assert. Thus, Proposed Intervenors have adequately demonstrated specific interests that may be practically affected by the outcome of this litigation.

Plaintiff's argument that Proposed Intervenors cannot have a protectable interest because the statutes at issue do not authorize a cause of action or allow for Proposed Intervenors to serve as defendants is not well taken. As noted above, mandatory intervention is guided by practicable and equitable considerations, and nothing in the text of the rule limits its application in the way Plaintiff suggests. Indeed, the Ninth Circuit has explicitly held that "no part of Rule 24(a)(2)'s prescription engrafts a limitation on intervention of right to parties liable to the plaintiffs on the same grounds as the defendants, and that "a prospective intervenor's asserted interest need not be protected by the statute under which the litigation is brought to qualify as significantly protectable under Rule 24(a)(2)." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1178–79 (9th Cir. 2011) (internal quotation marks omitted). Thus, Proposed Intervenors satisfy the first and second requirements for mandatory intervention.

Second, Proposed Intervenors' motion is timely because it was filed without delay—a mere 10 days after the Complaint was filed—and does not prejudice any party. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (The relevant factors for timeliness are "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay"). Indeed, Plaintiff does not contest that this motion is timely.

Finally, Proposed Intervenors adequately demonstrate that the existing Defendants may not adequately represent their interests. This requirement for intervention "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972). While the Ninth Circuit employs a "presumption of adequacy" when the government is representing its constituency, that presumption may be overcome by "a very compelling showing" that the government's representation is inadequate to protect the intervenor's interests. *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020). In addition, the Supreme Court recently made clear that presumptions of adequacy of government representation are limited to "certain classes of cases" such as where "a movant's interests are identical to those of an existing party." *Berger v. N. Carolina State Conf. of the NAACP*, 597 U.S. 179, 196 (2022).

Here, the Court finds that the Proposed Intervenors' interests are not identical to Defendants and in any event Proposed Intervenors have made a compelling showing sufficient to overcome any presumption of adequacy. As Proposed Intervenors point out, the existing Defendants have obligations under the NVRA and HAVA that Proposed Intervenors do not share and have broader public policy obligations and considerations that may incentivize them to make

compromises that Proposed Intervenors would not make. For their part, Proposed Intervenors have specific interests in protecting their privacy (in the case of the individual Proposed Intervenors) and in increasing voter participation by marginalized communities (in the case of Proposed Intervenor Our Oregon) that existing Defendants do not share. This is sufficient to establish the final element of mandatory intervention.

In sum, the Court finds that Proposed Intervenors have carried their burden to satisfy all the requirements necessary for mandatory intervention under Rule 24(a)(2). The Court also notes that, for the same reasons articulated above, the requirements for permissive intervention under Rule 24(b)(2) are also met. *See* Fed. R. Civ. P. 24(b)(2) ("the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."). Intervention is appropriate under that provision as well.

### CONCLUSION

For the reasons discussed above, Our Oregon, Dan DiIulio, Stephen Gomez, and Emma Craddock's Motion to Intervene (ECF No. 12) is GRANTED.

DATED this 5th day of December 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge
