# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>SARAH COPELAND HANZAS, in her official capacity as the Secretary of State of Vermont,<br><br>*Defendant*. | Case No. 2:25-cv-00903-MKL |

### **VERMONT PUBLIC INTEREST RESARCH GROUP'S PROPOSED ANSWER**

Proposed Intervenor-Defendant Vermont Public Interest Research Group (Proposed Intervenor-Defendant) answers Plaintiff's Complaint, ECF No. 1, as follows:

### **INTRODUCTION**[1]

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted language in paragraph 1 is correctly quoted from the Civil Rights Act of 1960 (CRA) but denies the remaining allegations.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted language in paragraph 2 is correctly quoted from the Civil Rights Act of 1960 (CRA) but denies the remaining allegations.

---

[1] Headings from the Complaint are reproduced here for clarity. This is not intended to admit any allegation contained in the Complaint. To the extent any heading or subheading in the Complaint constitutes an allegation, that allegation is denied.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegations.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegations.

## JURISDICTION AND VENUE

5. Proposed Intervenor-Defendant admits the allegations in Paragraph 5.

6. Proposed Intervenor-Defendant admits the allegations in Paragraph 6.

## PARTIES

7. Proposed Intervenor-Defendant admits that Plaintiff is the United States of America. The remaining allegations in Paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegations.

8. Proposed Intervenor-Defendant admits that Defendant Secretary of State Sarah Copeland Hanzas is sued in her official capacity only. The remaining allegations in Paragraph 12 contain legal conclusions to which no response is required.

## PARTIES

9. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 9 and therefore denies them.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegations.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted language in

paragraph 11 is correctly quoted from the National Voter Registration Act (NVRA) but denies the remaining allegations.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted language in paragraph 12 is correctly quoted from the NVRA but denies the remaining allegations.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted language in paragraph 13 is correctly quoted from the NVRA but denies the remaining allegations.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted language in paragraph 14 is correctly quoted from the Help America Vote Act (HAVA) but denies the remaining allegations.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted language in paragraph 15 is correctly quoted from headings and language in HAVA but denies the remaining allegations.

**FACTUAL ALLEGATIONS**

16. Proposed Intervenor-Defendant admits the allegations in Paragraph 16.

17. Proposed Intervenor-Defendant admits that the cited website contains the quoted text. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the accuracy of the EAC report and therefore denies the allegations in Paragraph 17.

18. Based on the information available, Proposed Intervenor-Defendant admits that the Assistant Attorney General sent a letter to Secretary Copeland Hanzas on September 8, 2025.

Proposed-Intervenor Defendant alleges that the letter speaks for itself and denies the remaining allegations in Paragraph 18.

19. Proposed-Intervenor Defendant alleges that the letter speaks for itself and denies the remaining allegations in Paragraph. 19.

20. Proposed-Intervenor Defendant alleges that the letter speaks for itself. Paragraph 20 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted language in paragraph 20 is correctly quoted from the exhibit referenced but denies the remaining allegations.

21. Proposed-Intervenor Defendant alleges that the letter speaks for itself. Paragraph 21 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted language in paragraph 21 is correctly quoted from the exhibit referenced but denies the remaining allegations.

22. Proposed-Intervenor Defendant alleges that the letter speaks for itself and denies the remaining allegations in in Paragraph 22.

23. Proposed-Intervenor Defendant alleges that the Systems of Records Notice ("SORN") and statutes speak for themselves. Paragraph 23 contains legal conclusions to which no response is required. Proposed Intervenor-Defendant denies allegations that suggest that the Civil Rights Division has complied with the Privacy Act, or that the relief requested in the Complaint would be consistent with the Privacy Act.

24. Proposed Intervenor-Defendant admits the allegations in Paragraph 24.

25. Proposed Intervenor-Defendant admits that Secretary Copeland Hanzas sent a letter to the Attorney General on September 22, 2025. Proposed-Intervenor Defendant alleges

that the letter speaks for itself and denies the remaining allegations in Paragraph 25 and therefore denies them.

26. Proposed-Intervenor Defendant alleges that the letter speaks for itself and denies the remaining allegations in Paragraph 26.

## COUNT ONE

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

27. Paragraph 27 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, and based on the information available, Proposed Intervenor-Defendant admits that Plaintiff sent Secretary Copeland Hanzas a letter seeking information regarding Vermont's voter registration list. Proposed Intervenor-Defendant alleges that the letter speaks for itself and denies the remaining allegations in Paragraph 27.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegations.

29. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegations.

## GENERAL DENIAL

Proposed Intervenor-Defendant denies every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without assuming any burden not imposed by law, Proposed Intervenor-Defendant asserts the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to establish entitlement to injunctive relief.

3. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

4. Plaintiff lacks authority to bring this cause of action.

Proposed Intervenor-Defendant reserves the right to add additional Affirmative Defenses to Plaintiffs' Complaint as the existence of such defenses is discovered through the course of discovery or otherwise.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenor-Defendant prays for judgment as follows:

A. That the Court dismiss the Complaint with prejudice;

B. That judgment be entered in favor of Proposed Intervenor-Defendant and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenor-Defendant be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

December 30, 2025                                        Respectfully submitted,

                                                         */s/ Anthony Iarrapino*

Anthony Iarrapino
Wilschek Iarrapino Law Office, PLLC
35 Elm St., Suite 200
Montpelier, VT 05602
Tel: (802)522-2802
anthony@ilovt.net

Brent Ferguson*
Daniel S. Lenz*
Sejal Jhaveri*
Renata O'Donnell*
Kate Hamilton*
Alexis Grady*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
bferguson@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
agrady@campaignlegalcenter.org

Maura Eileen O'Connor *
Brennan Center for Justice
at NYU School of Law
777 6th St. NW, Ste. 1100
Washington, DC 20001
Tel: (202) 249-7190
oconnore@brennan.law.nyu.edu

Andrew B. Garber*
Brennan Center for Justice
at NYU School of Law
120 Broadway, Suite 1750
Tel: (646) 292-8310
Fax: (212) 463-7308
garbera@brennan.law.nyu.edu

*Pro Hac Vice Applications Forthcoming

Counsel for Proposed Intervenor-Defendant Vermont Public Interest Research Group

## CERTIFICATE OF SERVICE

I, Anthony Iarrapino, do hereby certify that on this 30th day of December, 2025, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

Date: December 30, 2025                              Signature : /s/ *Anthony Iarrapino*