U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

2026 APR 14 PM 12: 33

CLERK

BY_____
        DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>SARAH COPELAND HANZAS, in her official capacity as Secretary of State for the State of Vermont, et. al.<br>Defendants. | Case No: 2:25-cv-00903-MKL |

## UNITED STATES' RESPONSE TO NOTICE
## OF SUPPLEMENTAL AUTHORITY (Dkts. 67 & 68)

The United States respectfully submits this response to the Supplementary Authority filed

April 9, 2026. In *United States v. Galvin*, No. 25-13816, 2026 WL 972129 (D. Mass. Apr. 9, 2026)

(*Galvin*), the District Court ruled that Title III of the Civil Rights Act of 1960 (CRA), 52 U.S.C. §

20703, requires that the Attorney General's written demand for records must provide a *"factual*

basis," not just a legal basis, to support a demand. *Galvin*, 2026 WL 972129 at *3 (emphasis

added). *Galvin* acknowledged that in *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), the stated

basis for the demand was merely that there was "information in the possession of the Attorney

General tending to show that" the states were violating the law. *Id.* at 229 n.6. Nevertheless, *Galvin*

ruled that the Attorney General's written demand letters did not provide a factual basis that

satisfied *Lynd*. *See* 2026 WL 972129 at *4. The United States respectfully disagrees with *Galvin*'s

overly formalistic interpretation of CRA procedure. Another out-of-circuit district noted in a

footnote that a similar pair of demand letters "collectively put [the State] on notice of the basis and

purpose of its request, which is sufficient to comply with the CRA." *United States v. Benson*, No.

1:25-cv-01148-HYJ-PJG, 2026 WL 362789 at *8 n.3 (W.D. Mich. Feb. 10, 2026), *appeal*

*docketed*, No. 26-1225 (6th Cir. Feb. 27, 2026). If the Court is persuaded by *Galvin*'s formalistic approach, the United States requests that the Court provide leave for the United States to send Defendant a curing elaboration letter rather than dismiss on the merits to avoid unnecessary delay in resolution of the underlying legal issues.[1]

Dated: April 14, 2026.

Respectfully submitted:

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section
BRITTANY E. BENNETT
CHRISTOPHER J. GARDNER
Trial Attorneys, Voting Section
150 M Street NE, Floor 8
Washington, D.C. 20530
Telephone: (202) 307-2767
Email: eric.neff@usdoj.gov
Brittany.bennett@usdoj.gov
Christopher.gardner@usdoj.gov

---

[1] Judge Kari A. Dooley, United States District Judge for the District of Connecticut, suggesting the requisite cure for any alleged deficiency in the written demand, said: "If . . . I find the [written demand] letter does not meet the requisites for a court order, aren't we just back here in six months after a new letter has been sent?" *United States v. Thomas*, No. 3:26-cv-00021-KAD, Tr. of Oral Arg. 85:19-22 (D. Conn. Mar. 19, 2026) (attached as Ex. 1).

# Exhibit 1

would just emphasize that *Powell* is not limited to the IRS context. Counsel for the United States again tried to kind of limit that to just IRS proceedings, but the Second Circuit has applied the *Powell* analysis outside of the IRS. Those cases are at Footnote 18 of our brief, kind of collecting how *Powell* has been applied outside the IRS.

THE COURT: Thank you.

MR. ABBUHL: Just a few clean-up points, Your Honor.

Counsel for the United States mentioned how they had seen data that was suggestive that certain states were not following HAVA. Be that as it may, whether that's true or not, it was not in the demand letter itself, which is, again, what is required by the Civil Rights Act and probably just the most straightforward and easy way to resolve this case, since there was no basis about those facts stated in the demand letter.

THE COURT: Let me ask you.

MR. ABBUHL: Please.

THE COURT: If I agree with you and I find the December 12th letter does not meet the requisites for a court order, aren't we just back here in six months after a new letter has been sent?

MR. ABBUHL: I have no idea, Your Honor, because the point of that letter is that it forces DOJ to articulate particular facts that suggest they do have a legitimate