**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff*,<br>    *v.*<br><br>SARAH COPELAND HANZAS, in her official capacity as Secretary of State of Vermont,<br><br>        *Defendant,*<br><br><br>VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, and MARY ANDREWS,<br><br>        *Intervenor-Defendants*,<br>and<br><br><br>VERMONT PUBLIC INTEREST RESEARCH GROUP,<br><br>        *Intervenor-Defendant*. | Case No. 2:25-cv-00903 |

**INTERVENOR-DEFENDANTS VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, AND MARY ANDREWS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Vermont Alliance for Retired Americans, Richard Monterosso, and Mary Andrews respectfully provide the Court notice of supplemental authority supporting their pending Motion to Dismiss. *See* ECF No. 39 (Mot. to Dismiss); ECF No. 39-1 (Mem. Supp. Mot. to Dismiss). Earlier today, a federal district court in Arizona dismissed DOJ's parallel suit seeking Arizona's unredacted statewide voter registration list. *See generally* Amended Order, *United States*

1

*v. Fontes*, No. 2:26-cv-00066-SMB (D. Ariz. Apr. 28, 2026), ECF No. 50 (attached hereto as Exhibit A).

The court first determined, like every other court to recently reach the issue, that the Federal Rules of Civil Procedure govern DOJ's suits, and thus are subject to Rule 12(b)(6) motions. *See id.* at 2. Next, adopting the logic of the Michigan district court's decision in *Benson,* the Arizona district court dismissed DOJ's single-count complaint under the Civil Rights Act of 1960 (CRA) on the basis that the State's voter registration list is not a record or paper subject to Title III of the CRA. *See id.* at 8 (citing *United States v. Benson*, 1:25-cv-1148, 2026 WL 362789, at *9 (W.D. Mich. Feb. 10, 2026), *appeal docketed*, No. 26-1225 (6th Cir. Feb. 27, 2026)).

Specifically, the court held a statewide voter registration list does not "come into [the] possession" of state election officials, as that phrase is used in the CRA, because it refers to records and papers that election officials receive from external sources, like voters. *Id.* at 6 (quoting 52 U.S.C. § 20701); *see also* Apr. 14, 2026 Hearing Tr. at 27:14–28:12 (Alliance Intervenors making this argument). The district court noted that, in contrast, a voter registration list is an internal record created by the State itself. *See* Amended Order at 6.

The court explained that its interpretation was reinforced by the NVRA and HAVA. *See id.* at 7–8. For example, the court highlighted that the CRA makes election officials criminally liable for altering election records; the precise opposite of the continuous list maintenance required by the NVRA and HAVA. *See id.*; *see also* 52 U.S.C. § 21083(a)(2)(A) (requiring States to perform list maintenance "on a regular basis"). At oral argument, Alliance Intervenors highlighted this inconsistency between federal list maintenance law and DOJ's novel interpretation of the CRA. *See* Apr. 14, 2026 Hearing Tr. at 28:13–29:19.

Six federal courts have now dismissed DOJ's complaints in these matters; not one has found it to have stated a valid claim. These decisions support Alliance Intervenors' argument that DOJ's complaint must be dismissed as a matter of law. *See* ECF No. 39-1 (Mem. Supp. Mot. to Dismiss).

Dated: April 28, 2026

Respectfully submitted,

*/s/ Joshua C. Abbuhl*
Marc E. Elias*
David R. Fox*
Joshua C. Abbuhl
Julianna D. Astarita*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 987-5288
F: (202) 968-4498
eliasm@elias.law
dfox@elias.law
jabbuhl@elias.law
jastarita@elias.law

*Admitted *pro hac vice*
*Counsel for Intervenor-Defendants*

3