IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA

Plaintiff,

v.

SARAH COPELAND HANZAS, in her
Official Capacity as Secretary of State for
the State of Vermont,

Defendant(s).

Case Number: 2:25-cv-00903-MKL

**UNITED STATES' RESPONSE TO
NOTICE OF SUPPLEMENTAL AUTHORITY (Dkt. 74)**

The United States respectfully submits this response to the Notice of Supplemental

Authority filed by Intervenor-Defendants Vermont Alliance for Retired Americans, Richard

Monterosso, and Mary Andrews.  (Dkt. 74.)

In *United States v. Fontes*, Case No. 2:26-cv-00066 (D. Ariz. Apr. 28, 2026), the district

court repeated the errors made in *United States v. Benson*, 2026 WL 362789 (W.D. Mich. Feb. 10,

2026), *appeal pending*, No. 26-1225 (6th Cir.), ruling that voter registration lists (VRLs) do not

"come into … possession" of an election officer.  The court compounded that error by reasoning

that a "record" covered by 52 U.S.C. 20701 does not include a VRL because the NVRA and HAVA

require VRLs to be constantly "altered," in supposed violation of 52 U.S.C. 20702.  *Fontes* is

wrong on both points, which have been briefed in pending appeals before the Sixth Circuit, *see*

*Benson*, No. 26-1225, and the Ninth Circuit, *see United States v. Oregon*, No. 26-1231, and *United*

*States v. Weber*, No. 26-1232.

First, when a word is undefined in a statute, courts "give the term its ordinary meaning."

*Taniguchi v. Kan Pacific Saipan, Ltd*., 566 U.S. 560, 566 (2012).  Secretaries of State "come[] into

possession" of VRLs when they acquire them in the conduct of their official responsibilities,

regardless of the information's source.  *See Webster's New World Dictionary of the American Language*, 291, 1140 (8th coll. ed. 1960); Brief for the United States, *United States v. Benson*, No. 26-1225 (6th Cir.), Dkt. 25, 15-22.

Second, *Fontes'* distorted construction of § 20702 does not justify its misapplication of § 20701.  Title III's prohibition on the willful alteration of records cannot apply to VRL maintenance.  The surrounding verbs elucidate the meaning of "alter" in this provision.  *Fischer v. United States*, 603 U.S. 480, 487 (2024).  Those verbs all describe actions typically taken to make a document unavailable, inaccessible, or inaccurate for evidentiary purposes.  *Id.* at 489-90 (analyzing similar list of verbs).  And the use of "willfully" in criminal statutes generally requires the defendant to act "with knowledge that his conduct was unlawful."  *Bryan v. United States*, 524 U.S. 184, 192 (1998).  List maintenance is a statutory duty, not unlawful conduct.

Dated: May 1, 2026

Respectfully submitted,

<table>
<tr><td>HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division</td><td>/s/ *Brittany E. Bennett*<br>BRITTANY E. BENNETT<br>CHRISTOPHER J. GARDNER<br>Trial Attorneys, Voting Section</td></tr>
<tr><td>ROBERT J. KEENAN<br>Acting Deputy Assistant Attorney General<br>Civil Rights Division</td><td>Civil Rights Division<br>4 Constitution Square<br>150 M Street, Room 8.141<br>Washington, D.C. 20002</td></tr>
<tr><td>ERIC V. NEFF<br>Acting Chief, Voting Section</td><td>Christopher.Gardner@usdoj.gov<br>Brittany.Bennett@usdoj.gov<br>Tel. (202) 704-5430<br>Attorneys for the United States</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2026, a true and correct copy of the foregoing document was served via email to all counsel of record.

/s/ *Brittany E. Bennett*
BRITTANY E. BENNETT
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430

3