**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>v.<br><br>SARAH COPELAND HANZAS, in her official capacity as Secretary of State of Vermont,<br><br>*Defendant,*<br><br><br>VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, and MARY ANDREWS,<br><br>*Intervenor-Defendants*,<br>and<br><br><br>VERMONT PUBLIC INTEREST RESEARCH GROUP,<br><br>*Intervenor-Defendant*. | Case No. 2:25-cv-00903 |

**INTERVENOR-DEFENDANTS VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, AND MARY ANDREWS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Vermont Alliance for Retired Americans, Richard Monterosso, and Mary Andrews respectfully submit this response to Plaintiff's Notice of Supplemental Authority regarding an Office of Legal Counsel ("OLC") opinion. *See* ECF No. 76.

The OLC opinion adds nothing to DOJ's arguments in this case, and it contradicts some of them. It represents nothing more than DOJ's unsurprising view that DOJ is correct in this litigation.

1

Agency opinion letters are afforded no legal deference, and the OLC opinion is no different. *See Christensen v. Harris County*, 529 U.S. 576, 587–88 (2000); *New Jersey v. Bessent*, 149 F.4th 127, 145 (2d Cir. 2025) ( "In the post-*Chevron* era . . . interpretation of the statute is a question of law, and accordingly, it is the court, and not the administrative agency, that determines its meaning." (quotation omitted)). Moreover, the preparation of an OLC opinion on a subject of ongoing litigation was contrary to OLC's own guidelines. *See* Office of Legal Counsel, *Memorandum for Attorneys of the Office Re: Best Practices for OLC Legal Advice and Written Opinions* at 3 (July 16, 2010), https://perma.cc/2DWR-ALS7 ("As a prudential matter, OLC generally avoids opining on questions likely to arise in pending or imminent litigation involving the United States as a party.").[1]

In any event, the substance of the OLC opinion supports many of Defendants' and Intervenors' arguments that this case must be dismissed. It confirms that DOJ had no factual basis for its demands of Vermont or any other state, as Title III requires, arguing only that DOJ's "basis" was its purpose of investigating NVRA and HAVA compliance. *See* ECF No. 76-1 at 21–24. But that is not what the word "basis" means. OLC's bizarre argument that "the basis and the purpose" is a "legal doublet" like "aid and abet" is unsupported by any citation showing such usage anywhere else, nor any explanation for why Congress in 1960 would have coined a new doublet out of a supposed desire to "include[] both the French and Old English words" so that any Old English speakers in 1960s America could understand legal proceedings supposedly "conducted in Norman French." *See* ECF No. 76-1 at 23 & n.23.[2]

---

[1] This Best Practices memo remains in effect, notwithstanding OLC's choice to involve itself in pending litigation here. *See* https://www.justice.gov/olc/best-practices-olc-legal-advice-and-written-opinions [https://perma.cc/8NQD-JN7J] (last visited May 18, 2026).

[2] "[T]he basis and the purpose" does not fit the legal doublet framework in any event: unlike actual legal doublets like "aid and abet," "basis" and "purpose" are not synonyms and neither term is of

The OLC opinion also confirms that DOJ's demand did not accurately state "the purpose" of DOJ's request. OLC makes clear, on the very first page, that the demands were made "[i]n response to the President's order to identify those who may be voting illegally." ECF No. 76-1 at 1; *see generally* ECF No. 2-3. OLC later confirms that if DOJ finds individuals it believes are non-citizens on the voter list, it "may seek to strike the alien's name from the voter registration list for future elections, refer the alien for prosecution, or both." ECF No. 76-1 at 5. These purposes of investigating individual voters are distinct from evaluating *Vermont's* compliance with its own discrete list maintenance obligations—the only purpose reflected in DOJ's demand letter to Vermont. Nor would investigating individual voters be proper, as nothing in the NVRA, HAVA or the CRA grants DOJ supervisory power over the removal of noncitizens from state voter rolls.

Finally, OLC's analysis confirms that the voter files are outside the scope of Title III in any event, because they are created by state election officials rather than "com[ing] into their possession" from third parties. OLC contends that "[i]f Congress had meant to limit section 303 to materials that a third party has provided state election officers, it had other, more specific words available," such as "receive." ECF No. 76-1 at 9. Yet OLC then defines "receive" as "[*t*]*o come into possession of*, get, acquire, or the like, from any source outside of oneself," and to "indicate[] a transfer of possession from one person . . . to another[.]" *Id.* (emphasis added) (quotations omitted). Those definitions buttress the argument that the CRA does not extend to voter lists. *See*

---

Germanic or Old English etymology—they come from Latin and French, respectively—so they could not possibly serve OLC's asserted purpose of such doublets. *See Basis*, Oxford English Dictionary (Dec. 2025); *Purpose (n.)*, Oxford English Dictionary (Mar. 2026). The use of a definite article before both terms in "the basis and the purpose" provides additional evidence that Congress meant the two words to have distinct meanings, further distinguishing them from any recognized legal couplet. *See United States v. Galvin*, --- F. Supp. 3d ---, No. 1:25-cv-13816, 2026 WL 972129, at *4 (D. Mass. Apr. 9, 2026).

Def's Mot. to Dismiss at 11, ECF No. 37; Def's Reply in Supp. of Mot. to Dismiss at 6, ECF No.

64; Tr. of Hrg. on Mot. to Dismiss at 54.

Dated: May 18, 2026                                  Respectfully submitted,

                                                     */s/ Joshua C. Abbuhl*
                                                     Marc E. Elias*
                                                     David R. Fox*
                                                     Joshua C. Abbuhl
                                                     Julianna D. Astarita*
                                                     **ELIAS LAW GROUP LLP**
                                                     250 Massachusetts Ave. NW, Suite 400
                                                     Washington, DC 20001
                                                     T: (202) 987-5288
                                                     F: (202) 968-4498
                                                     eliasm@elias.law
                                                     dfox@elias.law
                                                     jabbuhl@elias.law
                                                     jastarita@elias.law

                                                     *Admitted *pro hac vice*
                                                     *Counsel for Intervenor-Defendants*

4