# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

SARAH COPELAND HANZAS, in her official capacity as the Secretary of Vermont, et al.

    Defendants.

Case No. 2:25-CV-00903-MKL

**UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY**
**(ECF 78)**

The United States responds to the Notice of Supplemental Authority by Intervenor Vermont Alliance for Retired Americans (ECF 78).

In *United States v. Bellows*, No. 1:25-CV-468, 2026 WL 1430481, at *7 (D. Me. May 21, 2026), and *United States v. Wisconsin Elections Comm'n (WEC)*, No. 25-CV-1036, 2026 WL 1430354, at *4 (W.D. Wis. May 21, 2026), district courts ruled that statewide voter registration lists (SVRLs) are not records that come into the possession of election officers because SVRLs are state-created. These courts incorrectly limited the phrase "come into his possession" to exclude self-generated documents. 52 U.S.C. § 20701; *see* ECF 58 at 20-25. The *WEC* court further conflated the United States' arguments about the moment "an election official [first] gains possession of the records" with the statute's limit on how long the duty to retain and preserve lasts. 2026 WL 1430354, at *4.

The *Bellows* court further held that Title III of the Civil Rights Act cannot be used to enforce the NVRA and HAVA. 2026 WL 1430481, at *8. The court admitted that "the text of Title III does not expressly limit the acceptable purposes for which the Attorney General can

request documents." *Id.* at *7. But "[t]o determine whether the Attorney General's purpose [wa]s sufficient, [the court] start[ed] not with Title III, but with the text and structure of HAVA and the NVRA." *Id.* The NVRA and HAVA in no way purported to abrogate Title III, and it was error to use the silence of these later-enacted statutes to superimpose an extratextual limitation on Title III's purpose requirement. *See* ECF 58 at 15; *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018) ("It is this Court's duty to interpret Congress's statutes as a harmonious whole rather than at war with one another.").

Finally, the *WEC* court erred in finding "tension" between the "retain and preserve" requirement of 52 U.S.C. § 20701 and the fact that SVRLs must be continuously updated. 2026 WL 1430354, at *5. Proper retention and preservation include legally required updates; the statute mandates protection of covered records, not stagnancy. ECF 58 at 2-5; *Voter Reference Found., LLC v. Torrez,* 160 F.4th 1068, 1085 (10th Cir. 2025) (interpreting "maintain" under the NVRA).

Dated: June 2, 2026,                    HARMEET K. DHILLON
                                        Assistant Attorney General

                                        JESUS A. OSETE
                                        Principal Deputy Assistant Attorney General
                                        Civil Rights Division

                                        ERIC V. NEFF
                                        Acting Chief, Voting Section

                                        */s/ Christopher J. Gardner*
                                        Christopher J. Gardner
                                        Civil Rights Division
                                        150 M Street, 8th Floor
                                        Washington, D.C. 20002
                                        (202) 812-2631
                                        Christopher.Gardner@usdoj.gov

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June 2026, I did cause the forgoing United States' Response to Supplemental Authority to be served on all parties receiving notices through the Court's CM/ECF system.

*Christopher J. Gardner*
Christopher J. Gardner