**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>v.<br><br>SARAH COPELAND HANZAS, in her official capacity as Secretary of State of Vermont,<br><br>*Defendant*,<br><br><br>VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, and MARY ANDREWS,<br><br>*Intervenor-Defendants*,<br>and<br><br><br>VERMONT PUBLIC INTEREST RESEARCH GROUP,<br><br>*Intervenor-Defendant*. | Case No. 2:25-cv-00903 |

**INTERVENOR-DEFENDANTS VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, AND MARY ANDREWS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Vermont Alliance for Retired Americans, Richard Monterosso, and Mary Andrews respectfully provide the Court notice of supplemental authority supporting their pending Motion to Dismiss. *See* ECF No. 39 (Mot. to Dismiss); ECF No. 39-1 (Mem. Supp. Mot. to Dismiss). On June 24, in DOJ's parallel suit seeking Michigan's unredacted voter list, the Sixth Circuit affirmed dismissal of DOJ's complaint on two grounds.

1

First, the Sixth Circuit held that a statewide voter list "is an internally generated electronic database, not a record acquired from an outside source," and so did not "come into" the possession of election officials, as required to be covered by the Civil Rights Act of 1960 ("CRA"). *United States v. Benson*, No. 26-1225, 2026 WL 1815425, at \*5 (6th Cir. June 24, 2026); *see* Apr. 14, 2026 Hearing Tr. at 27:14–28:12 (advancing this argument). In reaching this conclusion, the court looked to dictionary definitions, ordinary usage, and statutory context. *Benson*, 2026 WL 1815425, at \*4–5. The court explained that construing the CRA to cover voter lists, as DOJ urges, would put the CRA "on a collision course with the NVRA and HAVA," because those statutes require election officials to "constantly change" voter lists, while the CRA makes it a crime to "alter" any covered records. *Id.* at \*5–6; *see* Apr. 14, 2026 Hearing Tr. at 28:13–29:19 (describing this inconsistency). The court also explained that reading the CRA to extend to all records *in* the possession of election officials would render the phrase "come into" superfluous. *Benson*, 2026 WL 1815425 at \*6. And the court rejected many of the same counterarguments DOJ advanced here, such as its contention that the phrase "come into possession" creates a "temporal distinction." *Id.* at \*6–8; *see* ECF No. 58 at 23.

Second, the Sixth Circuit alternatively held that, even if the CRA could reach a State's voter list, DOJ failed to state both the basis and the purpose for its demand in a single letter, as the CRA requires. *Benson*, 2026 WL 1815425, at \*8; *see* ECF No. 39-1 at 8–14 (arguing that DOJ's letter to Vermont did not state a basis nor a valid purpose).

DOJ's position has now been rejected by ten federal courts, including one court of appeals. Not a single court has concluded that DOJ stated a viable claim. Faced with this unanimous and growing body of authority, this Court should likewise dismiss DOJ's complaint as a matter of law.

Dated: June 26, 2026

Respectfully submitted,

*/s/ Joshua C. Abbuhl*
Marc E. Elias*
David R. Fox*
Joshua C. Abbuhl
Julianna D. Astarita*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 987-5288
F: (202) 968-4498
eliasm@elias.law
dfox@elias.law
jabbuhl@elias.law
jastarita@elias.law

*Admitted *pro hac vice*
*Counsel for Intervenor-Defendants*

3