# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF VERMONT

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

SARAH COPELAND HANZAS, in her
official capacity as Secretary of State of
Vermont,

*Defendant*,

Case No. 2:25-cv-00903

VERMONT ALLIANCE FOR RETIRED
AMERICANS, RICHARD MONTEROSSO,
and MARY ANDREWS,

*Intervenor-Defendants*,

and

VERMONT PUBLIC INTEREST
RESEARCH GROUP,

*Intervenor-Defendant*.

## INTERVENOR-DEFENDANTS VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, AND MARY ANDREWS' NOTICE OF SUPPLEMENTAL AUTHORITY

Intervenor-Defendants Vermont Alliance for Retired Americans, Richard Monterosso, and Mary Andrews respectfully provide the Court notice of supplemental authority supporting their pending Motion to Dismiss. *See* ECF No. 39 (Mot. to Dismiss); ECF No. 39-1 (Mem. Supp. Mot. to Dismiss). Two more federal district courts have dismissed DOJ's parallel suits seeking Pennsylvania's and New Hampshire's unredacted statewide voter registration lists ("SVRLs"). *See*

*United States v. Schmidt*, No. 2:25-cv-01481-CB, --- F. Supp. 3d ---, 2026 WL 1850016 (W.D. Pa. June 27, 2026); *United States v. Scanlan*, No. 25-cv-371-JL, 2026 WL 1864054 (D.N.H. June 29, 2026).

Both courts concluded, like the Sixth Circuit in *United States v. Benson*, --- F.4th ---, 2026 WL 1815425 (6th Cir. June 24, 2026), that unredacted voter files are not records subject to production under Title III of the Civil Rights Act. *Schmidt*, 2026 WL 1850016, at *2; *Scanlan*, 2026 WL 1864054, at *4. In support of that conclusion, the district court in *Schmidt* observed that Section 20702 of Title III makes it a crime to "alter[]" or "destroy[]" records subject to production under Title III. 2026 WL 1850016, at *2. Because the NVRA and HAVA require "additions, subtractions and revisions" to SVRLs, the court held that "the government's reading does violence to Section 20702," and concluded that SVRLs therefore could not be records subject to production under Title III. *Id.* Likewise, the district court in *Scanlan* held that an SVRL does not "come into . . . possession" of state officials because it is a document that officials create, rather than receive, and that to "[r]ead[] § 20701 to encompass [the SVRL] would effectively require election officials to simultaneously preserve and modify the same record by creating a new, static version of the database with every single edit," which would be impracticable. *Scanlan*, 2026 WL 1864054 at *5.

Both courts also concluded that the government's demand did not contain an appropriate "statement of the basis and purpose therefor[]," as required by Title III. *Schmidt*, 2026 WL 1850016, at *2 (quoting *Benson*, 2026 WL 1815425, at *8); *Scanlan*, 2026 WL 1864054 at *8. The same is true here. *See* ECF No. 39-1 at 8-14.

Eleven federal district courts and one court of appeals have now dismissed DOJ's complaints in these matters, whereas not one has found it to have stated a valid claim.

Dated: June 30, 2026

Respectfully submitted,

*/s/ Joshua C. Abbuhl*
Marc E. Elias*
David R. Fox*
Joshua C. Abbuhl
Julianna D. Astarita*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
eliasm@elias.law
dfox@elias.law
jabbuhl@elias.law
jastarita@elias.law

*Admitted *pro hac vice*
*Counsel for Intervenor-Defendants*

3