**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | |
| SARAH COPELAND HANZAS, in her official capacity as Secretary of State of Vermont, | |
| *Defendant*, | Case No. 2:25-cv-00903 |
| VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, and MARY ANDREWS, | |
| *Intervenor-Defendants*, and | |
| VERMONT PUBLIC INTEREST RESEARCH GROUP, | |
| *Intervenor-Defendant*. | |

**INTERVENOR-DEFENDANTS VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, AND MARY ANDREWS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Vermont Alliance for Retired Americans, Richard Monterosso, and Mary Andrews respectfully provide the Court notice of two recent decisions that dismissed DOJ's parallel lawsuits seeking statewide voter registration lists in New York and West Virginia. These decisions provide additional authority supporting Intervenor-Defendants' pending Motion to Dismiss. *See* ECF No. 39 (Mot. to Dismiss); ECF No. 39-1 (Mem. Supp. Mot. to Dismiss).

*First*, in DOJ's parallel suit seeking New York's unredacted voter list, the district court dismissed DOJ's complaint on the ground that New York's statewide voter registration list is not a record or paper that comes into the possession of state officials under the plain text of Title III of the Civil Rights Act of 1960 ("CRA"). *See United States v. Bd. of Elections of N.Y.*, No. 1:25-cv-1338, 2026 WL 1999921 (N.D.N.Y. July 10, 2026); *see also* Apr. 14, 2026 Hrg. Tr. at 27:14–29:16.

The district court began by rejecting DOJ's argument that the CRA entitles it to a "special statutory proceeding" that substantially limits a court's review, instead observing that "the text of [the CRA] does not expressly provide for the type of proceeding proposed by Plaintiff" and that "the Supreme Court's holding in *United States v. Powell*, 379 U.S. 48 (1964) categorically contradicts" Plaintiff's asserted authority. *Bd. of Elections of N.Y.*, 2026 WL 1999921, at *5–6. Consequently, the normal Rule 12(b)(6) standard applies. *Id.* at *7.

Applying that standard, the district court dismissed the complaint with prejudice, holding that a statewide voter registration list "is not a document subject to demand by the Attorney General pursuant to § 20703." *Id.* at *9. That is so because "a voter registration list . . . is created by state officials and, therefore, 'does not come into [their] possession,'" as required by the CRA. *Id.* (cleaned up). The court explained that construing the CRA to cover voter lists, as DOJ urges, would "produce an absurd result" because other federal statutes require election officials to "constantly update[]" voter lists, while the CRA makes it a crime to "alter[]" any covered records. *Id.*

The court also noted that other district courts in parallel cases had "focused on" the CRA's procedural requirements that the government's written demand contain "the basis and the purpose" for the demand, and the New York court "observe[d] the same deficiencies in Plaintiff's demand

to New York." *Id.* at *8; *see* 52 U.S.C. § 20703. Specifically—as is true here, *see* ECF No. 39-1 at 8–14—"Plaintiff's demand states no basis and the purported 'purpose' of 'ascertain[ing] [the State's] compliance with the list maintenance requirements of the NVRA and HAVA' lacks any relation to the purposes for which Title III was enacted." *Bd. of Elections of N.Y.*, 2026 WL 1177244, at *8. However, the Court held that it "need not even reach" this issue because New York's statewide voter registration list was not subject to the CRA. *Id.*

*Second*, in DOJ's parallel suit seeking West Virginia's unredacted voter list, the district court yesterday dismissed DOJ's complaint on two independent grounds. The district court held that (like here) "Plaintiff's demand fails to include a factual basis, as required by [the CRA]." Mem. Op. & Order at 7, *United States v. Warner*, No. 2:26-cv-00156 (S.D. W. Va. July 13, 2026), ECF No. 56 (attached as Ex. A). The court emphasized that DOJ's decision to recite the CRA itself as the basis for its demand "contravene[d] practical principles of statutory analysis by disregarding the ordinary meaning of the language employed by Congress" and did not demonstrate that West Virginia was "suspected to be noncompliant with the list maintenance requirements of HAVA or the NVRA." *Id.* at 7–8. Separately, in light of the CRA's "historical context," the court held that "the 'purpose' required in a demand for records under [the CRA] must relate to a purpose of investigating violations of individuals' voting rights," which was not satisfied by DOJ's "generalized nationwide concerns that voter registration records may contain too many names." *Id.* at 13 (quotation omitted). DOJ's failure to "state a 'purpose' that relates to an investigation into potential violations of an individual's right to vote" therefore required dismissal. *Id.* at 14.

DOJ's position has now been rejected by thirteen federal district courts, including one court within the Second Circuit, and one of those decisions has been affirmed by a court of appeals. Not

a single court has concluded that DOJ stated a viable claim. Faced with this unanimous and growing body of authority, this Court should likewise dismiss DOJ's complaint as a matter of law.

Dated: July 14, 2026

Respectfully submitted,

*/s/ Joshua C. Abbuhl*
Marc E. Elias*
David R. Fox*
Joshua C. Abbuhl
Julianna D. Astarita*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
eliasm@elias.law
dfox@elias.law
jabbuhl@elias.law
jastarita@elias.law

*Admitted *pro hac vice*
*Counsel for Intervenor-Defendants*

4

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Joshua Abbuhl*