**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | |
| SARAH COPELAND HANZAS, in her official capacity as Secretary of State of Vermont, | |
| *Defendant*, | Case No. 2:25-cv-00903 |
| VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, and MARY ANDREWS, | |
| *Intervenor-Defendants*, and | |
| VERMONT PUBLIC INTEREST RESEARCH GROUP, | |
| *Intervenor-Defendant*. | |

**INTERVENOR-DEFENDANTS VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, AND MARY ANDREWS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Vermont Alliance for Retired Americans, Richard Monterosso, and Mary Andrews respectfully provide the Court notice of two additional, recent decisions that dismissed DOJ's parallel lawsuits seeking statewide voter registration lists in Virginia and New Mexico. These decisions provide additional authority supporting Intervenor-Defendants' pending Motion to Dismiss. *See* ECF No. 39 (Mot. to Dismiss); ECF No. 39-1 (Mem. Supp. Mot. to

Dismiss).

*First*, in DOJ's parallel suit seeking Virginia's statewide voter list, the district court dismissed DOJ's complaint on the ground that Virginia's statewide voter registration list is not a document subject to production under Title III of the Civil Rights Act of 1960 ("CRA"), because it does not "come into [the] possession" of state election officials, as that phrase is used in the CRA. *See United States v. Koski*, No. 3:26-cv-00042, 2026 WL 2032532 at 4–6 (E.D. Va. July 14, 2026); *see also* Apr. 14, 2026 Hrg. Tr. at 27:14–29:16.

*Second*, in DOJ's parallel suit seeking New Mexico's statewide voter registration list, the district court likewise dismissed the complaint, this time on the ground that DOJ's demand letter "lack[ed] an identifiable 'basis,'" as required by the CRA. *See United States v. Oliver*, No. 1:25-cv-01193, 2026 WL 2031479 at *10 (D.N.M. July 14, 2026); *see also* ECF No. 39-1 at 11–12. The court further held that "DOJ cannot remedy the shortcomings in its Demand Letter with an amendment or by sending a 'curing amendment letter,'" and therefore dismissed the complaint with prejudice. *Oliver*, 2026 WL 2031479 at *10 n.19.

DOJ's position has now been rejected by fifteen federal district courts, including one court within the Second Circuit, and one of those decisions has been affirmed by a court of appeals. Intervenor-Defendants respectfully urge this Court to dismiss DOJ's complaint with prejudice.

Dated: July 15, 2026

Respectfully submitted,

*/s/ Joshua C. Abbuhl*
Marc E. Elias*
David R. Fox*
Joshua C. Abbuhl
Julianna D. Astarita*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
eliasm@elias.law
dfox@elias.law
jabbuhl@elias.law
jastarita@elias.law

*Admitted *pro hac vice*
*Counsel for Intervenor-Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Joshua Abbuhl*