**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF VERMONT**

UNITED STATES OF AMERICA,

        *Plaintiff*,

    *v.*

SARAH COPELAND HANZAS, in her
official capacity as Secretary of State of
Vermont,

        *Defendant*,

Case No. 2:25-cv-00903

VERMONT ALLIANCE FOR RETIRED
AMERICANS, RICHARD MONTEROSSO,
and MARY ANDREWS,

        *Intervenor-Defendants*,

and

VERMONT PUBLIC INTEREST
RESEARCH GROUP,

        *Intervenor-Defendant*.

**INTERVENOR-DEFENDANTS VERMONT ALLIANCE FOR RETIRED AMERICANS,
RICHARD MONTEROSSO, AND MARY ANDREWS' NOTICE OF SUPPLEMENTAL
AUTHORITY**

Intervenor-Defendants Vermont Alliance for Retired Americans, Richard Monterosso, and

Mary Andrews respectfully provide the Court notice of additional authority supporting Intervenor-

Defendants' pending Motion to Dismiss. *See* ECF No. 39 (Mot. to Dismiss); ECF No. 39-1 (Mem.

Supp. Mot. to Dismiss). On July 17, 2026, the United States District Court for the District of

Connecticut dismissed DOJ's parallel suit seeking Connecticut's unredacted statewide voter

registration list (SVRL) and denied DOJ's motion to compel. *See United States v. Thomas*, No. 3:26-CV-21, 2026 WL 2070437 (D. Conn. July 17, 2026).

The Connecticut court concluded that the unredacted voter list was not a record or paper within the meaning of the Civil Rights Act (CRA) because it did not "come into [the] possession" of a state officer of election. *Id.* at *5–6 (collecting cases); *see also* Apr. 14, 2026 Hrg. Tr. at 27:14–29:16. The court found that the voter list—a document that is "constantly being updated"— "is a record created by the state," rather than one that state officials receive as part of the registration process. *Id*. at *5. The court found that this established "conclusively that [the voter list] does not fall within the scope of [the CRA's] preservation mandate." *Id*. Because the voter list "does not fall within the scope of Title III, the United States is not entitled to its production." *Id*. at *3.

The court's conclusion "[was] further compelled" by the criminal penalties in Section 20702 of the CRA, which prohibit the altering of any record subject to production under the Act. *Id*. at *6. The court declined to read the voter list as a record or paper because, pursuant to the National Voter Registration Act and the Help America Vote Act, it "is constantly being 'altered.'" *Id*. Construing the voter list as a record "would place election officials in violation of one federal law for trying to comply with others." *Id*. (quoting *United States v. Benson*, 179 F.4th 470, 480 (6th Cir. 2026)).

Federal courts have now dismissed DOJ's demands to Connecticut and New York, the other two states within the Second Circuit. *See id.*; *United States v. Bd. of Elections of N.Y.*, No. 1:25-cv-1338, 2026 WL 1999921 (N.D.N.Y. July 10, 2026). Nationwide, DOJ's arguments have been unanimously rejected by *seventeen* federal courts, including one court of appeals.

Dated: July 22, 2026

Respectfully submitted,

*/s/ Joshua C. Abbuhl*
Marc E. Elias*
David R. Fox*
Joshua C. Abbuhl
Julianna D. Astarita*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
eliasm@elias.law
dfox@elias.law
jabbuhl@elias.law
jastarita@elias.law

*Admitted *pro hac vice*
*Counsel for Intervenor-Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Joshua Abbuhl*