**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br> v. <br><br> SARAH COPELAND HANZAS, in her official capacity as Secretary of State of Vermont, <br><br> *Defendant*, <br><br><br> VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, and MARY ANDREWS, <br><br> *Intervenor-Defendants*, <br> and <br><br><br> VERMONT PUBLIC INTEREST RESEARCH GROUP, <br><br> *Intervenor-Defendant*. | Case No. 2:25-cv-00903 |

**INTERVENOR-DEFENDANTS VERMONT ALLIANCE FOR RETIRED AMERICANS,
RICHARD MONTEROSSO, AND MARY ANDREWS' NOTICE OF SUPPLEMENTAL
AUTHORITY**

Intervenor-Defendants Vermont Alliance for Retired Americans, Richard Monterosso, and

Mary Andrews respectfully provide the Court notice of additional authority supporting Intervenor-

Defendants' pending Motion to Dismiss. *See* ECF No. 39 (Mot. to Dismiss); ECF No. 39-1 (Mem.

Supp. Mot. to Dismiss). Four additional federal district courts have now dismissed DOJ's parallel

suits seeking unredacted statewide voter registration lists in Kentucky, New Jersey, Illinois, and

Colorado. *See United States v. Adams*, No. 3:26-CV-00019, 2026 WL 2123871 (E.D. Ky. July 23, 2026); *United States v. Caldwell*, No. 3:26-cv-2025, 2026 WL 2186515 (D.N.J. July 29, 2026); *United States v. Matthews*, No. 25-CV-3398, 2026 WL 2212877 (C.D. Ill. July 31, 2026); *United States v. Griswold*, No. 25-CV-03967, 2026 WL 2235374 (D. Colo. Aug. 3, 2026).

Like every other federal court to rule on the question, each of these district courts first rejected DOJ's argument that Title III of the Civil Rights Act (CRA) displaces the Federal Rules of Civil Procedure. *Adams*, 2026 WL 2123871, at *3–5; *Caldwell*, 2026 WL 2186515, at *6; *Matthews*, 2026 WL 2212877, at *2–3; *Griswold*, 2026 WL 2235374 at *3; *see also* ECF No. 40 (Resp. to Mot. to Compel) at 3–5 (explaining why the Federal Rules of Civil Procedure apply to DOJ's claim).

The *Adams* court held that Kentucky's unredacted voter list was not subject to disclosure under Title III because it did not "come into" election officials' possession, applying the Sixth Circuit's decision in *United States v. Benson*, 179 F.4th 470 (6th Cir. 2026). *See* 2026 WL 2123871, at *4–5; *see* Apr. 14, 2026 Hrg. Tr. at 27:14–29:16. The court also held that DOJ's claims failed for a further, independent reason: its demand stated neither a basis nor a purpose, instead offering only a "general reference" to the National Voter Registration Act (NVRA) and the Help America Vote Act (HAVA). *Adams*, 2026 WL 2123871, at *6. Because DOJ "did not comply with its mandatory statutory obligation to submit a demand" stating "both the basis and purpose of its request," Kentucky "did not violate Title III by refusing to produce" the state's unredacted voter file. *Id*.; *see* ECF No. 39-1 at 8–14.

The *Caldwell* court likewise concluded that Title III does not extend to New Jersey's computerized voter registration list because it is a document the State itself created, not a record that came into the possession of election officials. 2026 WL 2186515, at *6–7. The court noted

that the State's obligation to "continuously update" its voter list to remain compliant with HAVA and the NVRA "clearly contrasts" with Title III, which criminally penalizes any willful alteration of any record or paper covered by Title III. *Id.* at *8. Because DOJ's interpretation would place Title III on a "collision course" with other federal laws, the court found that DOJ's position was "untenable due to the inter-statutory conflict it would necessarily engender," and dismissed DOJ's complaint with prejudice. *Id.*

The *Matthews* court joined the others in holding that Title III applies only to records that "come into [an election official's] possession," a phrase that does "not encompass records that state election officials *create* or merely *possess*," such as a state's voter list. 2026 WL 2212877 at *3 (citation omitted; emphasis in original). In the alternative, the court also held that DOJ's "written demand" did not satisfy the facial requirements of Title III because it failed to "include both a sufficient basis and legitimate purpose for requesting the unredacted voter registration list." *Id.* at *4. DOJ's demand letter, the court wrote, "did not provide any factual basis" for any "suspected noncompliance with federal law" and did not identify a "proper purpose" for DOJ's demand for the state's unredacted voter file. *Id.* at *5.

Like the others, the *Griswold* court held that Title III does not apply to Colorado's voter list because such a document does not "come into [the state's] possession." *See* 2026 WL 2235374 at *5. To hold otherwise would render "superfluous" Title III's use of the phrase "come into . . . possession." *Id.* The court also concluded that interpreting Title III in the way DOJ proposes would place it "in conflict with other statutes that regulate the maintenance of voter registration records," such as HAVA and the NVRA. *Id.* The court also held that the DOJ's demand did not state a sufficient basis and purpose for Colorado's unredacted voter registration list. *Id.* at *4.

Twenty-one courts—including the Court of Appeals for the Sixth Circuit and twenty

district courts—have now found DOJ's claims for unredacted voter lists to be without merit. No court has held otherwise. The recent decisions in *Adams*, *Caldwell*, *Matthews*, and *Griswold* provide further support for dismissing DOJ's action in this case.

Dated: August 5, 2026                    Respectfully submitted,

                                         */s/ Joshua C. Abbuhl*
                                         Marc E. Elias*
                                         David R. Fox*
                                         Joshua C. Abbuhl
                                         Julianna D. Astarita*
                                         **ELIAS LAW GROUP LLP**
                                         250 Massachusetts Ave. NW, Suite 400
                                         Washington, DC 20001
                                         T: (202) 948-1135
                                         F: (202) 968-4498
                                         eliasm@elias.law
                                         dfox@elias.law
                                         jabbuhl@elias.law
                                         jastarita@elias.law

                                         *Admitted *pro hac vice*
                                         *Counsel for Intervenor-Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Joshua Abbuhl*