**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>*v.*<br><br>SARAH COPELAND HANZAS, in her official capacity as Secretary of State of Vermont,<br><br>*Defendant*,<br><br>VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, and MARY ANDREWS,<br><br>*Intervenor-Defendants*,<br>and<br><br>VERMONT PUBLIC INTEREST RESEARCH GROUP,<br><br>*Intervenor-Defendant*. | Case No. 2:25-cv-00903 |

**INTERVENOR-DEFENDANTS VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, AND MARY ANDREWS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Vermont Alliance for Retired Americans, Richard Monterosso, and Mary Andrews respectfully provide the Court notice of additional authority supporting Intervenor-Defendants' pending Motion to Dismiss. *See* ECF No. 39 (Mot. to Dismiss); ECF No. 39-1 (Mem. Supp. Mot. to Dismiss). Last week, the U.S. District Court for the District of Columbia denied DOJ's motion to compel the production of the District's unredacted statewide voter registration

list and dismissed DOJ's lawsuit. *See United States v. Evans*, No. 25-cv-4403, 2026 WL 2267774 (D.D.C. Aug. 6, 2026).

The court first rejected DOJ's argument that the Federal Rules of Civil Procedure do not apply to assess DOJ's request to produce documents under Title III of the Civil Rights Act (CRA). *See id*. at *4. It observed that Title III does not "displace[] the Federal Rules of Civil Procedure," and that "the government is not entitled to a judicial order rubber stamping its records request." *Id*. (alteration in original); *see also* ECF No. 40 (Resp. to Mot. to Compel) at 3–5 (explaining why the Federal Rules of Civil Procedure apply to DOJ's claim and motion to compel).

On the merits, the court noted that "twenty district courts and the Sixth Circuit have denied the government's motion to compel . . . leaving the Court with no shortage of guidance on these issues." *Evans*, 2026 WL 2267774, at *5. Consistent with this growing body of precedent, the court held that "Title III authorizes the Attorney General to obtain records that come into state election officials' possession, not records created by those officials," such as the District's voter list. *Id*.; *see* Apr. 14, 2026 Hrg. Tr. at 27:14–29:16. The court also noted that "fifteen courts" have rejected DOJ's claims on this specific basis. *Evans*, 2026 WL 2267774, at *5.

This result is compelled not only by the plain text of the statute, the court reasoned, but also by the fact that, if the voter list were a record subject to the CRA, the CRA would "subject officials to liability for taking the steps mandated by the [National Voter Registration Act] and [Help America Vote Act]" related to voter list maintenance. *Id*. at *7. The court also conducted a detailed review of the CRA's history, which further confirmed that DOJ's reading of the statute is inaccurate. *Id*. at *8–10.

Twenty-two federal courts—including the Court of Appeals for the Sixth Circuit—have now rejected DOJ's claim that it is entitled to states' (and the District of Columbia's) unredacted

voter files. No court has held otherwise. The recent decision in *Evans* provides further support for dismissing DOJ's action in this case.

Dated: August 13, 2026

Respectfully submitted,

*/s/ Joshua C. Abbuhl*
Marc E. Elias*
David R. Fox*
Joshua C. Abbuhl
Julianna D. Astarita*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
eliasm@elias.law
dfox@elias.law
jabbuhl@elias.law
jastarita@elias.law

*Admitted *pro hac vice*
*Counsel for Intervenor-Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Joshua Abbuhl*