**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>*v.*<br><br>SARAH COPELAND HANZAS, in her official capacity as Secretary of State of Vermont,<br><br>*Defendant*,<br><br>VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, and MARY ANDREWS,<br><br>*Intervenor-Defendants*,<br>and<br><br>VERMONT PUBLIC INTEREST RESEARCH GROUP,<br><br>*Intervenor-Defendant*. | Case No. 2:25-cv-00903 |

**INTERVENOR-DEFENDANTS VERMONT ALLIANCE FOR RETIRED AMERICANS, RICHARD MONTEROSSO, AND MARY ANDREWS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Vermont Alliance for Retired Americans, Richard Monterosso, and Mary Andrews respectfully provide the Court notice of additional authority supporting Intervenor-Defendants' pending Motion to Dismiss. *See* ECF No. 39 (Mot. to Dismiss); ECF No. 39-1 (Mem. Supp. Mot. to Dismiss). Two more federal courts have now dismissed DOJ's parallel lawsuits seeking unredacted statewide voter registration lists in Nevada and Minnesota. *See United States*

*v. Aguilar*, No. 3:25-cv-00728, 2026 WL 2364502 (D. Nev. Aug. 14, 2026); *United States v. Simon*, No. 25-cv-3761, 2026 WL 2389778 (D. Minn. Aug. 17, 2026).

Both courts rejected DOJ's argument that the Federal Rules of Civil Procedure do not apply to assess a request to produce documents under Title III of the Civil Rights Act. *See Aguilar*, 2026 WL 2364502, at *2–3; *Simon*, 2026 WL 2389778, at *7–8. Each court found that Title III gives federal courts the power to compel production of records "by appropriate process," and that the Federal Rules of Civil Procedure are part of "appropriate process." *Aguilar*, 2026 WL 2364502, at *2; *Simon*, 2026 WL 2389778, at *7–8; *see also* ECF No. 40 (Resp. to Mot. to Compel) at 3–5 (explaining why the Federal Rules apply to DOJ's claim and motion to compel).

On the merits, the court in *Aguilar* determined that the unredacted state voter registration list is not a document that comes within Title III's scope, because it is "compiled and updated by state officials" and therefore does not "come into [their] possession." *Aguilar*, 2026 WL 2364502, at *4; *see* Apr. 14, 2026 Hrg. Tr. at 27:14–29:16. The court also pointed out that interpreting the voter registration list as a document subject to production under Title III would create conflict between the Civil Rights Act, which mandates that documents subject to production be preserved unaltered, and other election statutes, like the Help America Vote Act and the National Voter Registration Act, which require states to update their voter registration lists regularly. *Aguilar*, 2026 WL 2364502, at *5. Finally, the court found that DOJ did not set forth an adequate factual basis for its request, as it did not "allege facts showing a need for an investigation into Nevada's state election system." *Aguilar*, 2026 WL 2364502, at *6.

The court in *Simon* likewise concluded that the state voter registration list is "not a record or paper that comes into Minnesota election officials' possession," because Secretary Simon "did not acquire, obtain, or receive the [voter registration list] from a third party." *Simon*, 2026 WL

2389778, at *10. The *Simon* court declined to reach the question of whether DOJ had stated an adequate basis and purpose for its request. *Id.* at *11–12.

Twenty-four federal courts—including the Court of Appeals for the Sixth Circuit—have now rejected DOJ's claim that it is entitled to states' (and the District of Columbia's) unredacted voter files. No court has held otherwise. The recent decisions in *Aguilar* and *Simon* provide further support for dismissing DOJ's complaint in this case.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Joshua C. Abbuhl*
Marc E. Elias*
David R. Fox*
Joshua C. Abbuhl
Julianna D. Astarita*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
eliasm@elias.law
dfox@elias.law
jabbuhl@elias.law
jastarita@elias.law

*Admitted *pro hac vice*
*Counsel for Intervenor-Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Joshua C. Abbuhl*