**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

UNITED STATES OF AMERICA,

Plaintiff,

v.

SARAH COPELAND HANZAS, in her Official Capacity as Secretary of State for the State of Vermont,

Defendant.

Case No. 2:25-cv-00903

**UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY**
**(Dkts. 83, 85-90)**

In response to the cited authorities, the United States directs the Court to the opinions accompanying the Sixth Circuit's denial of rehearing en banc in *United States v. Benson*, ___ F.4th ___, No. 26-1225, 2026 WL 2364306 (6th Cir. Aug. 14, 2026). There, the court denied rehearing of the panel's split decision, 2026 WL 1815425 (6th Cir. June 24, 2026), but a nine-judge majority of the Sixth Circuit agreed with the United States on two points that are central to this case.

First, five judges agreed with Judge Nalbandian's panel dissent, 2026 WL 2364306, at *11-16 (Thapar, J., dissenting), and four more judges indicated they "likely would have agreed with much of Judge Nalbandian's dissent if [they] had sat on the panel," and they expressed "doubt over the panel opinion's interpretation of the phrase 'come into his possession' in Title III" of the Civil Rights Act of 1960, 2026 WL 2364306, at *1-2 (Murphy, J., concurring). These judges endorsed Judge Nalbandian's conclusion that because "the language [of Title III] imposes a specific duty on an individual (each officer of election), not a general duty on the entire State of Michigan[,]" "the

Secretary of State 'came into possession' of [Michigan's] voter-registration list when she assumed office in 2019." *Id.* at *2 (Murphy, J., concurring); *see also id.* at *9 (Griffin, J., dissenting) ("[W]hen the [SVRL] comes under Benson's official custody and control through the actions of those subordinates, it comes into her possession."), *14 (Thapar, J., dissenting) (similar).

Second, a majority of the Sixth Circuit concluded that the DOJ would satisfy the "basis" and "purpose" component of Title III in a written demand that "was based on 'Title III[,]'" described "factual concerns with [the State's] voter-registration list[,]" and "identified its purpose to 'assess' the State's 'compliance' with [federal] list maintenance requirements." 2026 WL 2364306, at *3 (Murphy, J., concurring); *see also id.* at *10 (Griffin, J., dissenting), *15 (Thapar, J., dissenting). Judge Murphy's concurrence concluded that "nothing in [Title III]'s text . . . limits the purposes for which the DOJ may request the records." *Id.* at *4 (Murphy, J., concurring).

Date: August 25, 2026

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ERIC SELL
Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section

/s/ Jake T. Bachand
Jake T. Bachand; DC Bar #90028269
Trial Attorney
Department of Justice
Civil Rights Division
150 M St NE
Washington, DC 20002
(202) 304-8146
Jake.bachand@usdoj.gov

Attorneys for the United States